AO 91 (Rev. 11/11) Criminal Complaint

FILED
JAN 0 5 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Joseph Andrew HUERTA<br><br>*Defendant(s)* | Case No. 3:15-M-0024-NJG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 02, 2015** in the county of **El Paso** in the **Western** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S. Code § 846 | Attempt and conspiracy:<br><br>did knowingly and intentionally combine, conspire, confederate and agree with other persons to possess with the intent to distribute 29.68 kilograms (gross weight) of marijuana, a Schedule I controlled substance; and did knowingly and intentionally import into the United States from Mexico the same amount of marijuana (Title 21 U.S.C. § 841 (a) (1) and 952 (a):) |

This criminal complaint is based on these facts:

see attached afidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Philip J. Reid Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/05/2015

_____
*Judge's signature*

City and state: El Paso, Texas

Norbert J. Garney U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

On Friday, January 02, 2015, Joseph Andrew HUERTA was in transit to United States from the Republic of Mexico at the Bridge of the Americas (BOTA) Port of Entry (POE), El Paso, Texas. HUERTA was the driver and sole occupant of a 1998 Honda Accord, bearing a Florida license plate: 8664PS.

On Friday, January 02, 2015, at approximately 4:47 pm, HUERTA approached the primary inspection booth to apply for entry into the US. The Primary Customs and Border Protection Officer (CBPO) began to take a declaration from HUERTA. HUERTA identified himself as a US Citizen presenting a birth certificate and a Florida Driver's License. The primary CBPO asked where HUERTA was traveling. HUERTA stated he was headed back to Florida after visiting his wife and children in Cd. Juarez MX. The primary CBPO asked if HUERTA had any luggage. HUERTA stated no. The primary CBPO then referred HUERTA to secondary inspection.

The Secondary CBPO began an inspection and asked HUERTA where he was traveling. HUERTA stated he was going back home to Florida. Through the inspection HUERTA informed the Secondary CBPO he was the true owner of the vehicle and he had purchased it about a year prior. HUERTA stated he had been in Juarez to visit his girlfriend and his children over the Christmas holiday. HUERTA stated the only repair to the vehicle was a changed flat tire recently and no repairs had taken place in Mexico. HUERTA then gave a negative customs declaration. The Secondary CBPO specifically asked about his travel plans. HUERTA stated he had cloths in Juarez and in Florida so there was no need to bring luggage with him. HUERTA stated if he needed toiletries he would just purchase them along the way. (HUERTA was found to only have $20 USD in his possession.) HUERTA stated the trip was approximately 20 hours. HUERTA was asked if he was responsible for everything in the vehicle, HUERTA stated he was.

During the secondary inspection HUERTA drove his vehicle through the Z-Portal scanner and anomalies were discovered in a spare tire, the rear quarter panels of the trunk, and the rear doors. A CBP Canine Enforcement Officer (CEO) and his Human/Narcotic Detector Dog (H/NDD) conducted an inspection of the vehicle HUERTA was driving. The CBP H/NND alerted to the odor of narcotics emanating from within the vehicle.

Further inspection of the vehicle revealed 60 bundles of a green leafy substance. The green leafy substance field-tested positive for marijuana. The total weight of the marijuana removed was approximately 29.68 kilograms (gross weight).

HUERTA was advised of his Miranda rights, reading them aloud in the English language, witnessed by Homeland Security Investigations (HSI) Special Agent (SA) Philip Reid and Taskforce Officer (TFO) Lilian Medina (Detective from Horizon Police Department). HUERTA waived his rights verbally and in writing choosing to answer questions without the presence of legal counsel.

SA Reid asked HUERTA to explain with detail where he was going and how he was going to get to Florida with only 20 dollars. HUERTA stated he had purchased his car a few months back and was now headed to his father's house in El Paso and his father would give him money for his trip. When asked what his father's address was HUERTA was unable to recall. HUERTA explained he worked for a septic company and made about 700 dollars a week. SA Reid believing HUERTA was lying asked for the truth and explained that CBP had located drugs in his vehicle.

HUERTA's eyes became wider than normal and he adjusted his sitting position becoming more actively engaged in conversation. HUERTA denied any knowledge about the presence of drugs in his vehicle and stated the following: HUERTA had dropped his car off with one Javier "Joe" MARTINEZ earlier in the day to have a non-factory compartment built. This compartment would allow HUERTA to smuggle 30 to 40,000 in US currency back from the US to Mexico. HUERTA was to be paid 1,500 dollars to smuggle the cash into Mexico. HUERTA was to meet with unknown individuals at the Cielo-Vista Mall in El Paso, TX. HUERTA was to relinquish his car for approximately one hour while the cash was loaded into his vehicle. HUERTA was then to be paid 500 dollars in the US and he was to receive 1,000 dollars once he delivered his car to MARTINEZ in Mexico.

SA Reid asked what business MARTINEZ was in. HUERTA stated he believed MARTINEZ worked for La Línea and had sold drugs in the US. HUERTA stated he believed the money he was to smuggle was derived from these drug sales in the US.

After concluding his verbal statements, HUERTA provided a written statement as to the aforementioned details apologizing for his actions.